■ In the Matter of JOSEPHINE BUTTONOW, an Incompetent Person. SEYMOUR KAGAN, as Committee, Respondent; FRANCIS J. O'NEILL, as Director of Central Islip State Hospital, Appellant.— In a special proceeding by the

committee of an incompetent for a judgment declaring void and setting aside the conversion of the incompetent's status from that of an "involuntary" admission to Central Islip State Hospital to that of a "voluntary" admission, the Director of the hospital appeals, as limited by his brief, from so much of a judgment of the Supreme Court, made in Queens County on January 13, 1967 and entered in Suffolk County on January 23, 1967, as granted the petition, declared the conversion null and void, and set it aside. Judgment affirmed insofar as appealed from, with costs. In our opinion, a person who has been adjudicated incompetent does not have the legal capacity to request, consent or agree to the conversion of his status from that of an "involuntary" admission to that of a "voluntary" admission. One who has been adjudicated incompetent has been divested of the power to act for himself (cf. *Anonymous* v. *Anonymous*, 3 A D 2d 590). We do not reach the question as to whether such conversion would be a nullity if consented to by one who is not an adjudicated incompetent. In view of the fact that Special Term concluded that the purported conversion of status was a nullity, with which conclusion we are in accord, it was unnecessary for the court to have considered the constitutional questions raised by the petition. Our decision is not placed upon constitutional grounds and we do not now pass upon such questions (cf. *Matter of Roosevelt Raceway* v. *Monaghan*, 9 N Y 2d 293). Beldock, P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.